**WO**                                                                                                          MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 05-791-PHX-SMM |
| Plaintiff/Respondent, | No. CV 07-1683-PHX-SMM (GEE) |
| v. | **ORDER** |
| Cesar Duarte-Ayon, | |
| Defendant/Movant. | |

Movant Cesar Duarte-Ayon, who is confined in the Federal Correctional Institution-Englewood in Littleton, Colorado, filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #63 in 05-CR-791-PHX-SMM) and a "Motion for Order for Copy of Sentencing Hearing Transcripts–Fee Waiver" (Doc. #65).

**I.     Procedural History**

Following a jury trial, Movant was convicted of Illegal Re-entry after Deportation and was sentenced to a 92-month term of imprisonment followed by 3 years on supervised release. Movant appealed his sentence and the Ninth Circuit Court of Appeals affirmed.

**II.    Section 2255 Motion**

In his § 2255 motion, Movant alleges four grounds for relief: (1) he received an illegal sentence because the Court imposed a term of supervised release in violation of the Constitution, (2) the prohibition against double jeopardy was violated because "supervised

**TERMPSREF**

1 release is a second kind of punishment," (3) he received ineffective assistance of counsel
2 because his attorney did not object to the Court imposing supervised release and because his
3 attorney failed to request an alternate sentence pursuant to Booker;[1] and (4) he received
4 ineffective assistance of counsel because his attorney failed to comply with Movant's request
5 that his family be notified of the trial dates so that they could testify before the jury.
6     The Court will require a response to the § 2255 motion.
7 **III.   Motion for Sentencing Hearing Transcript–Fee Waiver**
8     Pursuant to 28 U.S.C. § 753(f), Movant seeks a fee waiver for a copy of the transcript
9 from his sentencing hearing.
10     The United States will pay fees for transcripts furnished to prisoners who have filed
11 a § 2255 motion if (1) the prisoner has been permitted to proceed *in forma pauperis*, and (2)
12 the Court certifies that the claim raised in the § 2255 proceeding is not frivolous and the
13 transcript is needed to decide the motion. 28 U.S.C. § 753(f). The Court will deny the
14 Motion, without prejudice, because Movant has not sought to proceed *in forma pauperis*.
15 Moveover, it appears that Movant's appellate counsel ordered (Doc. #51) an electronic copy
16 of the transcript from the sentencing hearing. It is unclear why Movant cannot obtain this
17 copy from his appellate counsel.
18 **IV.   Warnings**
19     **A.   Address Changes**
20     Movant must file and serve a notice of a change of address in accordance with Rule
21 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other
22 relief with a notice of change of address. Failure to comply may result in dismissal of this
23 action.
24     **B.   Copies**
25     Movant must serve Respondent, or counsel if an appearance has been entered, a copy
26 of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate

---

28     [1]United States v. Booker, 543 U.S. 220 (2005).

1 stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the § 2255 Motion (Doc. #63 in 05-CR-791-PHX-SMM) and this Order on the United States Attorney for the District of Arizona.

(2) Movant's "Motion for Order for Copy of Sentencing Hearing Transcripts–Fee Waiver" (Doc. #65 in 05-CR-791-PHX-SMM) is **denied without prejudice**.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(4) Movant may file a reply within **30 days** from the date of service of the answer.

. . . .

. . . .

1    (5)   The matter is referred to Magistrate Glenda E. Edmonds pursuant to Rules 72.1
2 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
3 recommendation.

4    DATED this 14th day of September, 2007.

_____
Stephen M. McNamee
United States District Judge

TERMPSREF

- 4 -