**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff-Respondent,<br><br>vs.<br><br>Cesar Duarte-Ayon,<br><br>　　　　Defendant-Movant. | No. CIV-07-1683-PHX-SMM (GEE)<br>　　CR-05-791-PHX-SMM<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On August 31, 2007, Cesar Duarte-Ayon, an inmate currently confined at the Federal Correctional Institution in Littleton, CO, filed the instant motion to vacate, set aside or correct sentence pursuant to Title 28, United States Code, Section 2255. [doc. #63][1] Duarte-Ayon claims his term of supervised release sentence is illegal and his trial counsel was ineffective. (Defendant's motion.) The government filed a response, and Duarte-Ayon filed a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, deny the motion on the merits. Duarte-Ayon's term of supervised release was authorized by statute. Trial counsel was not ineffective.

---

[1] Criminal case document number.

Summary of the Case

Duarte-Ayon was convicted after a jury trial of illegal re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Government's response, pp. 2-3.) On April 19, 2006, the trial court sentenced him to 92 months' imprisonment followed by 3 years of supervised release. *Id.*, p. 3. Duarte-Ayon filed an appeal, but the Ninth Circuit affirmed on January 11, 2007.

On August 31, 2007, Duarte-Ayon filed the instant motion to vacate, set aside or correct his sentence. He claims (1) his term of supervised release was not authorized by statute and violated his Sixth Amendment rights under *Blakely*, (2) his term of supervised release violated the Double Jeopardy Clause, (3) counsel was ineffective for (a) failing to object to his term of supervised release, (b) failing to ask for an alternative sentence, and (c) failing to remove himself as counsel, and (4) counsel was ineffective for failing to inform Duarte-Ayon's family of his trial date thereby preventing them from testifying before the jury. (Defendant's motion.)

The government filed a response arguing the motion should be denied on the merits. Duarte-Ayon filed a reply.

Discussion

A motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 provides a remedy for those prisoners

> in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.

Duarte-Ayon first argues his term of supervised release is not authorized by law. He is incorrect. Supervised release is authorized by 18 U.S.C.A. § 3583, which reads in pertinent part as follows:

> The court, in imposing a sentence to a term of imprisonment . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part

- 2 -

of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute . . . .

18 U.S.C.A. § 3583(a). This statue permits the trial court to impose a term of supervised release if the court also imposes a term of imprisonment. Here, the trial court imposed a 92-month term imprisonment. Accordingly, the court was permitted to impose as part of the sentence a term of supervised release.

Duarte-Ayon argues the phrase "if such a term is required by statute" means the court may only impose a term of supervised release if the statute of conviction requires it. Duarte-Ayon misconstrues the supervised release statute.

This phrase appears in the second clause of section 3583(a), which reads as follows: "except that the court *shall* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute . . . ." 18 U.S.C.A. § 3583(a)  (emphasis added). This clause requires the court to impose a term of supervised release "if such a term is required by statute." If the statute of conviction does *not* require a period of supervised release, the court is not required to impose one. It *may* impose one in accordance with the first clause, but is not required to do so.

Here, Duarte-Ayon's statute of conviction did not require a term of supervised release and the trial court was not required to impose one. Nevertheless, the trial court had the authority to impose one and did so. Duarte-Ayon's term of supervised release was authorized by statute. *See U.S. v. Huerta-Pimental*, 445 F.3d 1220, 1223 (9th Cir. 2006), *cert. denied*, __ U.S. __, 127 S.Ct. 545 (2006).

Duarte-Ayon further argues his term of supervised release violates *Blakely* because his punishment was increased based on facts not found by the jury and proven beyond a reasonable doubt. *See Blakely v. Washington*, 542 U.S. 296 (2004). This argument is foreclosed by the Ninth Circuit's decision in *Huerta-Pimental* where the court rejected that particular argument. *U.S. v. Huerta-Pimental*, 445 F.3d 1220, 1224 (9th Cir. 2006). In that case, the court of appeals found that "[t]he inclusion of a term of supervised release as a part of [the defendant's] original sentence neither exposed him to additional punishment above the statutory maximum nor

required the court to engage in constitutionally impermissible judicial fact-finding." *Id.* Accordingly, the imposition of a term of supervised release does not violate the principles established by *Blakely*. *Id.* at 1223-24.

In his second ground for relief, Duarte-Ayon argues his term of supervised release violates Double Jeopardy. "The Double Jeopardy Clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *U.S. v. Soto-Olivas*, 44 F.3d 788, 789 (9th Cir. 1995) (quoting U.S. Const., Amdt. 5), *cert. denied*, 515 U.S.1127 (1995). "This protection applies both to successive punishments and to successive prosecutions for the same offense." *Id.*

A term of supervised release, however, is not a separate punishment from the term of imprisonment. It is a part of the same sentence. *See* 18 U.S.C.A. § 3583(a). Accordingly, a term of supervised release is not a successive punishment and does not violate the Double Jeopardy Clause. *See U.S. v. Huerta-Pimental*, 445 F.3d 1220, 1223 (9th Cir. 2006) ("[I]t is well settled that supervised release, whether or not mandated by the statute of conviction, is not additional punishment.").

In his third ground for relief, Duarte-Ayon argues his trial counsel was ineffective. "The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668 (1984)), *amended by*, 311 F.3d 928 (9th Cir. 2002). To establish a violation of this right, the defendant must prove "counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* To show prejudice, the defendant "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

perspective at the time." *Id.* "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* (internal citation omitted).

Duarte-Ayon first claims counsel was ineffective for failing to object to his term of supervised release. This term, however, was authorized by statute and did not violate the Double Jeopardy Clause. Accordingly, counsel's failure to object was not deficient performance.

Second, he claims counsel should have asked for an alternative sentence in light of *Booker*. *See U.S. v. Booker*, 543 U.S. 220, 245-46 (2005). In *Booker*, the Supreme Court held the U.S. Sentencing Guidelines are advisory, and while the trial court must consider the guideline range, sentences must be reasonable in accordance with the factors described in 18 U.S.C. § 3553(a). *Id.*

Duarte-Ayon apparently believes his counsel should have argued for a sentence that was reasonable under section 3553(a) but was not within the guideline range. He does not, however, explain what this sentence should have been or why this sentence would have been appropriate under section 3553(a). He also fails to explain why he believes the trial court would have adopted this sentence had it been proposed by counsel. Duarte-Ayon cannot show counsel's performance was deficient or that he suffered prejudice.

In his fourth ground for relief, Duarte-Ayon argues counsel failed to inform his family of the dates of his trial. As a result, they lost the opportunity to testify that Duarte-Ayon had been taking care of his mother who had a life threatening illness. Apparently, Duarte-Ayon objects to his trial counsel's conduct at the trial and, in particular, disagrees with counsel's trial strategy and choice of witnesses. Counsel's performance, however, was not deficient.

Duarte-Ayon's motivation for coming back to the United States was not relevant at the guilt phase.[2] If counsel offered this testimony, the trial court would not have allowed it. *See*

---

[2] The court instructed the jury as follows [doc. # 25]:

The defendant is charged in the indictment with reentry of deported alien in

- 5 -

*Strickland v. Washington*, 466 U.S. 668, 695 (1984). Counsel's failure to offer the testimony of Duarte-Ayon's family members at trial was not deficient performance.

In his third ground for relief, Duarte-Ayon further argues counsel was ineffective because he "repeatedly requested" that counsel "remove himself from representing me." (Defendant's motion, p. 7.) He maintains counsel failed to do so and retaliated by failing to tell the jury about his mother's illness. *Id.*; Exhibit E, ¶ 9. Assuming the allegations are correct and counsel failed to inform the court that Duarte-Ayon wanted substitute counsel, Duarte-Ayon cannot show he suffered prejudice.

Even if the trial court gave Duarte-Ayon substitute counsel, new counsel could not have presented testimony at trial about his mother's illness. As noted above, this testimony was not relevant at the guilt phase. It was not admissible.[3] Trial counsel's alleged failure to inform the court of Duarte-Ayon's desire for new counsel did not prevent Duarte-Ayon from informing the jury of his mother's illness.

Trial counsel's failure to notify the court that Duarte-Ayon wanted substitute counsel did not cause Duarte-Ayon prejudice. Counsel was not ineffective

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

---

violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
   First, the defendant is an alien;
   Second, the defendant was deported or removed from the United States; and
   Third, after deportation or removal from the United States, the defendant was found in the United States without the consent of the Secretary of the Department of Homeland Security or of any representative of the department.

[3] Duarte-Ayon's role as caretaker was, of course, relevant at sentencing. At that hearing, counsel informed the court of the mother's illness and explained that Duarte-Ayon reentered the United States, in part, to support her. (Government's response, Exhibit A, pp. 10-12.)


DENYING the Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. [doc. #63]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 7th day of February, 2008.

_____
Glenda E. Edmonds
United States Magistrate Judge

